UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIE FRISOF,

                                  **MEMORANDUM & ORDER**

                                  08-cv-00554 (NGG)

              Plaintiff,

      -against-

SWIFT TRANSP. CO., INC. *et al.*,

              Defendants.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Marie Frisof commenced this lawsuit in New York Supreme Court, Kings County, for injuries arising out of a motor vehicle collision. (Not. of Removal) (Docket #1.) Plaintiff's state-court action sues Defendants Swift Transportation Company, Swift Transportation Corporation, Inc., Swift Leasing Company, Inc., Sparks Transportation Company, Saint Corporation, Francisco Aguilar, and "John Doe," an "an employee/contractee of the other Defendants whose identity is unknown to Plaintiff and who contracted with Defendant Aguilar to operate the vehicle in the collision." (Id.) Defendants removed the case to federal court in the Eastern District of New York pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Id. at 3.) Before the court is the Defendants' Motion to Dismiss based on *forum non conveniens*. (Docket #8.)

      Defendants assert that this court should dismiss the complaint on the basis of *forum non conveniens* because the Middle District of Pennsylvania is a more appropriate venue for the case. (Def. Mem. 3.) Such a dismissal is improper because the federal venue transfer statute, 28 U.S.C. § 1404(a), has superseded the common law doctrine of *forum non conveniens* unless the

1

alternative forum is abroad.[1] Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 722 (1996) (finding the transfer venue function of the *forum non conveniens* doctrine "superseded by statute" and noting "to the extent we have continued to recognize that federal courts have the power to dismiss damages actions under the common-law *forum non conveniens* doctrine, we have done so only in cases where the alternative forum is abroad.") (citations and internal quotation marks omitted); Am. Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994). The court will not construe the instant Motion to Dismiss as a motion to transfer.[2] Accordingly, Defendants' Motion to Dismiss on the grounds of *forum non conveniens* is denied.

Should Defendants wish to file a motion to transfer, they must serve the motion no later than November 21, 2008. Plaintiff shall serve a response no later than December 12, 2008. Defendant shall serve a reply, if any, no later than December 19, 2008.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 27, 2008

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[2] In their reply memorandum, Defendants note: "Plaintiff asserts that this matter should be treated as a motion for transfer rather than dismissal. However, defendants moved to dismiss under the Federal Rules of Civil Procedure 12(b)(3). As such, defendants maintain that this matter must be dismissed." (Def. Reply 2) (Docket #8 Attachment #10.)

2